UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RAFAEL ANTONIO HERNANDEZ
MORALES, *proceeding by his next friend*
DAGOBERTO MORALES MARTINEZ,

          Petitioner,

v.

KEVIN RAYCRAFT,

          Respondent.
_____/

Case No. 1:26-cv-760

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, proceeding by his next friend Mr. Morales Martinez, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the lawfulness of Petitioner's detention.[1] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas

---

[1] As set forth below, the Court will permit Mr. Morales Martinez to proceed as next friend of Petitioner in this action.

corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing. (Pet., ECF No. 1, PageID.1.)

In an order entered on March 11, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on March 16, 2026. (ECF No. 6.)

## II.    Next Friend Status

As a preliminary matter, the Court must determine whether Mr. Morales Martinez may proceed as "next friend" of Petitioner. A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on his or her own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate his or her dedication to the "best interests" of the real party in interest by showing "some significant relationship" with

2

that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee . . . could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the petition and attached documents adequately demonstrate that the justice system is inaccessible to Petitioner, who is detained in an ICE detention facility with limited English proficiency. Moreover, Mr. Morales Martinez, Petitioner's brother, has demonstrated both a significant relationship with Petitioner, and that he is truly dedicated to acting in Petitioner's best interests. Accordingly, the Court will permit Mr. Morales Martinez to proceed as next friend to Petitioner.

### III.    Factual Background

Petitioner is a native and citizen of El Salvador. (Notice to Appear (NTA), ECF No. 6-1, PageID.128.) On July 21, 2021, Petitioner and his family entered the United States at the Del Rio Port of Entry in Del Rio, Texas. (2021 Form I-213, ECF No. 6-2, PageID.133.) The Department

3

of Homeland Security (DHS) then paroled Petitioner into the United States for a period of one year. (*See id.*, PageID.134.)

Subsequently, on August 17, 2022, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 6-1, PageID.128.)

On January 16, 2025, the Detroit Immigration Court denied Petitioner's application for asylum and ordered that Petitioner be removed to El Salvador or, alternatively, to Mexico. (Order Immigration Judge, ECF No. 6-4.) Petitioner filed an appeal to the Board of Immigration Appeals (BIA), which remains pending. (*See* Resp., ECF No. 6, PageID.103.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[2] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). On

---

[2] Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

4

December 10, 2025, ICE took Petitioner into custody when he reported for a scheduled ICE check-in appointment.[3] (2025 Form I-213, ECF No. 6-5, PageID.150.)

### IV.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### V.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-

---

[3] The Form I-213, dated December 10, 2025, states that Petitioner "missed multiple appointments to ERO and [has] a DUI conviction." (2025 Form I-213, ECF No. 6-5, PageID.151.) Respondents do not argue that Petitioner is subject to mandatory detention pursuant to § 1226(c). Under these circumstances, this statement in the Form I-213 does not affect the Court's analysis in this opinion.

1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## VI.    Merits Discussion

### A.    Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[4]

---

[4] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, No. 25-3248, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

B.      **Fifth Amendment Due Process Considerations**

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VII.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative,

immediately release Petitioner from custody.[5] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:    April 17, 2026                          /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

---

[5] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.